## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERCK & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-230 (GMS) |
| | ) | |
| APOTEX, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## APOTEX INC.'S REPLY IN SUPPORT OF
## ITS MOTION FOR LEAVE TO SUBSTITUTE CORRECTED
## EXHIBITS TO ITS PENDING MOTION FOR LEAVE TO AMEND

<div style="float:right">

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendant Apotex, Inc.*

</div>

OF COUNSEL:

A. Sidney Katz
Robert B. Breisblatt
Louise T. Walsh
Michael Krol
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Tel: (312) 655-1500
Fax: (312) 655-1501

Dated: December 1, 2006
764890/20234

## **TABLE OF CONTENTS**

I.      APOTEX'S RESPONSE TO MERCK'S FACTUAL ASSERTIONS ...................2

        A.      Merck's Claims That Apotex Has Misled The Court Are Baseless ............2

        B.      Merck's Claim That Apotex Failed To Disclose The Information
                Demonstrating Non-Infringement Is False ..................................................4

II.     APOTEX HAS NOT FLOUTED THIS COURT'S SCHEDULING
        ORDER.........................................................................................................................5

III.    APOTEX HAS NOT ACTED IN BAD FAITH........................................................6

IV.     APOTEX'S CORRECTED FIRST AMENDED ANSWER IS NOT
        FUTILE.......................................................................................................................10

V.      CONCLUSION..........................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL STATUTES

21 U.S.C. § 355(j)(5)(C)(i)(III)............................................................................................4

Fed. R. Civ. P. 11 .........................................................................................................6

Fed. R. Civ. P. 11(b) .....................................................................................................9

Fed. R. Civ. P. 11(c)(1)(A) ...........................................................................................6

Fed. R. Civ. P. 12(b)(6)...............................................................................................10

In response to Defendant Apotex, Inc.'s ("Defendant's" or "Apotex's") 2-page motion for leave to substitute corrected exhibits to its pending motion for leave to file a First Amended Answer, Affirmative Defenses and Counterclaims, Plaintiff Merck & Co., Inc. ("Plaintiff" or "Merck") has filed a 15-page brief in opposition. Merck's opposition is a complete waste of this Court's time. Apotex has merely sought to withdraw two paragraphs from a proposed counterclaim that it does not even have leave to file yet. Merck is simply using its opportunity to file a response to besmirch Apotex. Its attacks on Apotex's character are unnecessary.

This motion is not controversial. Apotex was informed *by Merck* that two of the allegations Apotex made in its proposed First Amended Answer, Affirmative Defenses, and Counterclaims ("First Amended Answer") were not accurate. More specifically, Apotex alleged in its First Amended Answer that Merck had not requested any information of Apotex prior to filing its infringement lawsuit when Merck had communicated with Apotex prior to filing its lawsuit. Once Apotex received from Merck the communications it asserted were its request for information, Apotex immediately sought to delete the two paragraphs that referenced Merck's failure to request the information, instead of litigating the issue. Apotex then filed a motion for leave to substitute a corrected First Amended Answer for the originally proposed version. Contrary to Merck's accusations, Apotex's failure to recall Merck's correspondence was nothing more than an innocent oversight on Apotex's part.

Merck now opposes Apotex's attempt to submit a corrected version. Merck's opposition is merely a pretext for making baseless accusations against Apotex in order to make *ad hominem* attacks rather than litigate this case on the merits. In this instance,

Merck, in addition to the *ad hominem* attacks, rehashes the arguments it made previously in its response to Apotex's previous motion for leave to file the First Amended Answer. Indeed, according to Merck, the deletion of the two paragraphs at issue strengthens its arguments under *Noerr-Pennington*. Merck is making the counter-intuitive objection that it does not want to be better off with the Corrected First Amended Answer than with the original First Amended Answer. Accordingly, Merck has no genuine objection to the substitution and should not have any opposition to Apotex's present motion to substitute exhibits. Apotex's motion, which essentially sought to delete two paragraphs from its proposed First Amended Answer, should be granted.

## I.    APOTEX'S RESPONSE TO MERCK'S FACTUAL ASSERTIONS

### A.    Merck's Claims That Apotex Has Misled The Court Are Baseless

Merck accuses Apotex of withholding critical information from the Court, misleading the Court, and acting in bad faith. These *ad hominem* accusations are unwarranted and baseless.

On November 1, 2006, Merck's counsel sent a letter to Apotex's counsel advising of the correspondence from March 2006, in which Merck requested a copy of Apotex's ANDA. (*See* Letter of Jason C. Abair to Robert B. Briesblatt, dated November 1, 2006, attached hereto as Ex. A.) Merck specifically complained that paragraph 39 in Apotex's proposed First Amended Answer was not accurate in view of the March 2006 correspondence. After further investigation and review of the proposed First Amended Answer, Apotex agreed to withdraw not only paragraph 39 of the First Amended Answer, but paragraph 42 as well. (*See* Letter of Louise T. Walsh to Jason C. Abair, dated November 2, 2006, attached hereto as Ex. B.) Merck, however, would not agree to a motion by Apotex to make this change to its proposed First Amended Answer. (*See*

2

Letter of Nicolas G. Barzoukas to Louise T. Walsh, dated November 2, 2006 attached hereto as Ex. C.)

Since the motion for leave to file the First Amended Answer was then pending, with Merck's response thereto set for November 7, 2006, rather than filing a Second Amended Answer, Affirmative Defenses, and Counterclaims, or a motion for leave to file that, Apotex filed a motion for leave to substitute corrected exhibits to its pending motion for leave to amend ("the October 13th motion for leave"). The corrected exhibits were the "Corrected First Amended Answer, Affirmative Defenses, and Counterclaims," Ex. A to the November 3rd motion for leave, and the black-lined version of same, Ex. B to the November 3rd motion for leave. Exhibits A and B attached to the November 3rd motion for leave were intended to be substituted for Exhibit A and B of the October 13th motion for leave. As Apotex pointed out in its motion, the only difference between the First Amended Answer and the Corrected First Amended Answer is the deletion of paragraphs 39 and 42.

There is no truth to Merck's claims that Apotex has withheld critical information from the Court, misled the Court or acted in bad faith. Apotex had overlooked the March 2006 correspondence when it filed its proposed First Amended Answer. Indeed, Apotex had no reason to deliberately state something false that could be so easily addressed by Merck. Merck had evidently forgotten about the March 2006 correspondence as well, since it did not raise the matter until November 1st, notwithstanding that Apotex made the same assertions, *i.e.*, that Merck had not requested the information offered in Apotex's paragraph IV letter, in its response to Merck's motion to dismiss that was filed on August 29, 2006. (*See* Apotex's Answering Brief In Opposition To Merck's Motion to Dismiss

For Lack of Subject Matter Jurisdiction, at p. 5, D.I. 19.) Merck could have mentioned
Apotex's mistaken claim that Merck did not request the information in its reply that was
filed on September 7, 2006, but it did not do so. Thus, both parties had apparently
forgotten about the March 2006 correspondence, and Apotex was not made aware of it
until Merck's letter of November 1st. Apotex then immediately sought to correct its
oversight. Merck's attempt to turn Apotex's innocent mistake into a deliberate attempt to
mislead the Court should be rejected.

**B.    Merck's Claim That Apotex Failed To Disclose The Information
        Demonstrating Non-Infringement Is False**

Apotex did not fail to make good on its offer to provide information, as Merck
asserts. As required under the Hatch-Waxman scheme, Apotex offered in its paragraph
IV certification to provide Merck with certain confidential information in order for Merck
to determine whether Apotex's ANDA did in fact infringe Merck's patents, prior to
Merck's filing its infringement suit. (*See* Ex. A to Merck's response to Apotex's Oct. 13th
motion for leave.) As permitted by the statute, 21 U.S.C. § 355(j)(5)(C)(i)(III), Apotex
imposed terms and restrictions on its offer of confidential access. (*See* Merck's Ex. A, at
p. 3.) In particular, Apotex stated that it would permit confidential access to certain
information from its proprietary ANDA to "attorneys from one outside law firm" but not
to any Merck employees. (*Id.*) Apotex also advised Merck in its paragraph IV letter that,
in accordance with 21 U.S.C. § 355(j)(5)(C)(i)(III), the "restrictions and other terms of
[this] offer of confidential access shall be considered terms of an enforceable contract"
and that, "to the extent that Merck requests access to Confidential Information, it
necessarily accepts the terms and restrictions outlined" in the letter. (*See id.* at p. 4.)

Merck did not unconditionally accept Apotex's offer of access to confidential information, however. Instead, Merck proposed different terms, *i.e.*, it wanted "at least two in-house litigation counsel" to be able to view the Confidential Information. (*See* Ex. B to Merck's response to Apotex's Oct. 13th motion for leave.) In effect, Merck rejected Apotex's offer and made a counteroffer. Apotex was not required to accept Merck's counteroffer. Indeed, Apotex did not accept Merck's counterproposal and therefore was not obligated to provide the requested confidential information.

Thus, Apotex cannot be blamed for Merck's failure to obtain the confidential information offered by Apotex. Merck could have simply accepted Apotex's original offer and conditions. Certainly, Merck could have made an adequate determination of whether Apotex infringed Merck's patents using outside counsel. Instead, Merck chose to file suit without making a reasonable investigation. In any event, Merck's accusation that Apotex failed to provide the requested information in response to Merck's March 2006 request is demonstrably false.

## II.    APOTEX HAS NOT FLOUTED THIS COURT'S SCHEDULING ORDER

Contrary to Merck's assertions, Apotex has not "flouted" this Court's Scheduling Order by seeking to correct its previously proposed First Amended Answer. Apotex has not added anything new; it has merely deleted two paragraphs. Apotex's failure to recall Merck's March 2006 request was inadvertent, as demonstrated by the fact that as soon as Merck brought this correspondence to Apotex's attention on November 1, 2006, Apotex sought to correct its error by seeking to file a corrected First Amended Answer on November 3, 2006.

Merck seeks to place Apotex in a Catch-22 situation. If Apotex had not deleted the paragraphs at issue, Merck most assuredly would have charged Apotex with a Rule

11 violation and Merck's counsel intimated just that in a telephone conversation. The safe-harbor provision in Rule 11 allows a party to do precisely what Apotex has done here, *i.e.*, withdraw the part of the pleading at issue. *See* Fed. R. Civ. P. 11(c)(1)(A). Now that Apotex has amended its proposed pleading, Merck accuses Apotex of "flouting" this Court's Scheduling Order. Merck's argument is nothing but pure gamesmanship.

Further, Merck's argument regarding Apotex's lack of diligence is misapplied. This is not a question of diligence. What occurred here was unintentional oversight on Apotex's part. It is illogical to suggest that one lacked diligence in doing something, when one was not aware that anything required to be done.

Also, Merck's accusation that Apotex lied when it said it only "learned" on November 1, 2006, that two paragraphs in its proposed First Amended Answer were incorrect is wrong. Apotex does not deny that the March 2006 correspondence was made. However, because different individuals were involved and almost six months had passed, Apotex inadvertently overlooked that correspondence. When Merck's correspondence was brought to Apotex's attention by Merck on November 1st, Apotex sought to correct its mistake immediately. It is regrettable that Merck has seized upon Apotex's innocent mistake to question Apotex's honesty and integrity.

## III.    APOTEX HAS NOT ACTED IN BAD FAITH

Merck also accuses Apotex of acting in bad faith because Apotex represented that it "learned" about the March 2006 request for information on November 1st when it was in possession of the correspondence since March 2006. As set forth above, Apotex maintains that its failure to recall the March 2006 correspondence was inadvertent. Apotex should be believed because it would not have made sense for Apotex to misrepresent something that Merck could easily disprove. Further, Apotex sought to

correct the proposed pleading as soon as Merck brought the matter to its attention. Merck has no basis for its accusation that Apotex deliberately made misrepresentations or acted in bad faith.

Further, there is nothing in the manner in which Apotex has corrected its First Amended Answer which demonstrates bad faith. There is nothing inaccurate or misleading in the remaining allegations, and indeed Merck cannot point to anything else that is false.

For example, there is nothing false in paragraph 38. Apotex in fact made the offer of confidential information in its paragraph IV letter. (*See* Ex. A to Merck's response to Apotex's Oct. 13th motion for leave.) The counterclaim is merely silent as to Merck's response. Paragraph 38 does not suggest anything about Merck's response, let alone anything that is false. There is no bad faith simply because Merck can conjure up something that is untrue but never stated in the allegation. It is just as reasonable that paragraph 38 suggests that Merck rejected Apotex's offer of information under the terms proposed by Apotex (which Merck did), made a counteroffer under different terms (which Merck did), and Apotex rejected the counteroffer by not furnishing the information Merck requested (which Apotex did).

Furthermore, Apotex's allegations that Merck knew before filing suit that Apotex's proposed generic version did not infringe any valid claim in Merck's patents (Corrected First Amended Answer, ¶¶ 52, 54) was based on a number of other factual allegations, having nothing to do with whether Merck had requested information from Apotex before filing suit or not. For instance, Apotex alleged that it told Merck in its paragraph IV letter that two of the listed patents were invalid in light of a prior court

decision which held two claims of the '329 patent invalid. (Corrected First Amended Answer ¶ 33.) Apotex also alleged that it told Merck in its paragraph IV letter that it did not infringe Merck's patents because its generic version contained different ingredients than those claimed in Merck's patents. (Corrected First Amended Answer ¶¶34-36.) Merck also alleged that prior to filing its lawsuit, Merck knew that it was within the ability of one of ordinary skill in formulating and manufacturing medications to make a generic version without using the ingredients that Merck used. (Corrected First Amended Answer ¶¶ 39-40.) Thus, Apotex has alleged that Merck knew Apotex did not infringe any valid patents owned by Merck based solely on Apotex's paragraph IV letter. The corrected counterclaim is silent as to whether or not Merck requested Apotex's confidential information, and whether or not Apotex provided any confidential information. It is really a stretch to suggest that the counterclaim implies that Apotex provided the information and Merck's knowledge that Apotex did not infringe any valid patents was based on the confidential information. Merck simply misrepresents Apotex's true allegations to suggest something false, and then complains that Apotex is acting in bad faith.

Similarly, there is no bad faith demonstrated by the allegations in paragraphs 55, 56, 57, and 63. The confidential information merely verified what Apotex had previously told Merck in its paragraph IV letter. Thus, upon receiving Apotex's paragraph IV letter containing the reasons that Merck's patents were invalid or not infringed, Merck had no reasonable basis to sue Apotex, and that was later confirmed by the confidential information. A reasonable person in Merck's shoes would have requested the confidential information sooner than Merck requested it (21 days after receiving Apotex's paragraph

8

IV notification) and would have accepted the terms and conditions offered by Apotex. Surely outside counsel could have adequately advised Merck whether Apotex's generic version would infringe or not. Merck chose willful blindness over "an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b).

The allegations Merck points to are silent as to who was at fault for Merck's failure to obtain the confidential information prior to filing suit. The facts are that it was not Apotex that was responsible for Merck's failure to obtain the information. Even if Merck had the confidential information prior to filing suit, however, Merck would have nonetheless filed this baseless lawsuit in order to obtain the 30-month stay and it could have avoided triggering the 180-day exclusivity period by presenting Apotex with a covenant not to sue and seeking to dismiss the case for lack of subject matter jurisdiction (as it, in fact, has done).

Merck implies that if it had received the confidential information prior to filing suit, it would not have filed suit. While easy to say, there is no reason to believe it to be true. Merck filed suit based on two patents that Apotex told Merck were invalid in its paragraph IV letter. Apotex's confidential information had nothing to do with whether Merck's patents were invalid, but it sued on those patents anyway. Also, in its recent supplemental interrogatory responses, Merck contends that Apotex infringes under the doctrine of equivalence, a claim it might have made notwithstanding Apotex's confidential information.

Far from eliminating any controversy, it is clear that Merck intends to fight this case tooth and nail if the case is not dismissed in order to avoid an adverse decision on the merits which would trigger the 180-day exclusivity period. This further demonstrates

that Merck's lawsuit was a sham; it filed suit to obtain the 30-month stay and by presenting a covenant not to sue and seeking to dismiss for lack of subject matter jurisdiction, it avoids a "court decision" triggering event, which keeps all secondary generics out of the market until 180-days after the first generic enters, which Merck is also desperately trying to delay.

## IV.    APOTEX'S CORRECTED FIRST AMENDED ANSWER IS NOT FUTILE

In its response to Apotex's October 13th motion for leave, Merck essentially makes a Rule 12(b)(6) motion to dismiss in connection with Apotex's antitrust counterclaims. More specifically, Merck argues that Apotex's proposed antitrust counterclaim is futile because: (1) Apotex suffers no antitrust injury from the 30-month stay; (2) Apotex suffers no antitrust injury from the 180-day exclusivity period; (3) Apotex cannot establish injury-in-fact; and (4) Apotex fails to allege facts sufficient to overcome *Noerr-Pennington* immunity.

Merck admits that the deletion of paragraphs 39 and 42 do not affect any of its arguments relating to injury-in-fact, antitrust injury, and standing. (*See* Merck's Brief at p. 9.) However, Merck apparently believes that the deletion of paragraphs 39 and 42 strengthens its arguments under the *Noerr-Pennington* immunity. In its 15-page opposition to the present motion, Merck supplements the arguments it made previously in its 39-page response to Apotex's October 13th motion regarding its *Noerr-Pennington* argument. Merck has now had adequate opportunity to make its *Noerr-Pennington* argument, to the extent it differs based upon the allegations in the Corrected First Amended Answer.

Since Apotex's reply in support of its October 13th motion for leave is due on December 8th and this reply is due on December 1st (per the parties' stipulation prior to

knowing that Merck would file a 15-page opposition to Apotex's 2-page motion), Apotex will reserve responding to Merck's substantive *Noerr-Pennington* arguments until its December 8th reply.

## V.     CONCLUSION

For the foregoing reasons, Apotex respectfully requests that the Court grant leave for Apotex to substitute corrected exhibits to its pending motion for leave to amend.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

A. Sidney Katz
Robert B. Breisblatt
Louise T. Walsh
Michael Krol
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois  60606
Tel:     (312) 655-1500
Fax:     (312) 655-1501


Dated:  December 1, 2006
764890/20234

By:   */s/ Richard L. Horwitz*
        Richard L. Horwitz (#2246)
        Kenneth L. Dorsney (#3726)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        P. O. Box 951
        Wilmington, DE  19899
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        kdorsney@potteranderson.com

*Attorneys for Defendant Apotex, Inc.*

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on December 1, 2006, the attached document

was hand delivered on the following person and was electronically filed with the Clerk of the

Court using CM/ECF which will send notification to the registered attorney(s) of record that the

document has been filed and is available for viewing and downloading.

Mary B. Graham
James W. Parrett, Jr.
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347


I hereby certify that on December 1, 2006, I have Electronically Mailed the attached

document to the following:

John F. Lynch
Howrey, LLP
750 Bering Drive
Houston, TX 77057-2198
lynchj@howrey.com

Nicolas G. Barzoukas
Suzy S. Harbison
Jason C. Abair
Weil, Gotshal & Manges
700 Louisiana, Suite 1600
Houston, TX 77002
nicolas.barzoukas@weil.com
suzy.harbison@weil.com
jason.abair@weil.com

I hereby certify that on December 1, 2006, I have Federal Expressed the attached

document to the following non-registered participants:

Paul D. Matukaitis
Merck & Co., Inc.
One Merck Drive
Whitehouse Station, NJ  08889-0100

Edward W. Murray
Gerard M. Devlin
Merck & Co., Inc.
126 E. Lincoln Avenue RY28-320
Rahway, NJ  07065-0907

_/s/ Richard L. Horwitz_
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

728942

# EXHIBIT A

WEIL, GOTSHAL & MANGES LLP

700 LOUISIANA
SUITE 1600
HOUSTON, TEXAS 77002

(713) 546-5000
FAX: (713) 224-9511

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

WRITER'S DIRECT LINE

713-546-5062
jason.abair@weil.com

November 1, 2006

*Via Facsimile (312) 655-1501*
*and Federal Express Delivery*

Robert B. Briesblatt, Esq.
Welsh & Katz, Ltd.
120 South Riverside Plaza - 22nd Floor
Chicago, IL 60606-3912

Re:    *Merck & Co., Inc. v. Apotex, Inc.*, C.A. No. 06-230 (GMS)

Dear Bob:

Apotex filed a motion for leave to amend its answer in the above-referenced case. I direct your attention to paragraphs 38 and 39 of Apotex's proposed amended answer:

> 38.    As required under the Hatch-Waxman scheme, Apotex offered in its paragraph IV certification to provide Merck with certain confidential information in order for Merck to determine whether Apotex's ANDA did in fact infringe Merck's patents, notwithstanding Apotex's paragraph IV certification, prior to Merck's filing an infringement lawsuit.
>
> 39.    In response to Apotex offer of confidential information, Merck did not request that Apotex provide any information to it for its determination of infringement.

WEIL, GOTSHAL & MANGES LLP

Robert B. Briesblatt, Esq.
November 1, 2006
Page 2

Apotex's allegation in paragraph 39 is false.   Merck did indeed request information from Apotex "prior to Merck's filing an infringement lawsuit."   Please consider the following:

1.    Apotex's paragraph iv certification letter stated that "[w]ritten notice requesting access" to Apotex's Abbreviated New Drug Application "should be made to:"

> Ms. Tammy McIntire
> Apotex Corp.
> 2400 N. Commerce Parkway
> Suite 400
> Weston, FLA  33326
> Tel: (954)384-8007
> Fax: (954)385-8518

See Apotex's paragraph iv certification letter dated February 24, 2006, at page 4.

2.    On March 21, 2006, Nicolas Barzoukas sent a letter to Ms. McIntire via facsimile and certified mail requesting access to Apotex's ANDA.  That letter is enclosed.  Mr. Barzoukas correctly identified Apotex's paragraph iv certification letter by date (February 24, 2006), author (Bernard Sherman), and recipient (Joanne Giesser of Merck & Co., Inc.).

3.    On March 27, 2006, Jessica Vega of Apotex Corp. responded by facsimile.  Apparently, Apotex was confused because "[t]here is no mention of the product name" in the letter from Mr. Barzoukas. Ms. Vega's facsimile stated that Merck could "respond directly to Ms. McIntire via fax."  Ms. Vega's facsimile is also enclosed.

4.    On March 27, 2006, the same day as Ms. Vega's facsimile, I responded via facsimile and certified mail.  I specifically identified Apotex's ANDA by number and product.   My letter is also enclosed.  I received no response from Apotex.

WEIL, GOTSHAL & MANGES LLP

Robert B. Briesblatt, Esq.
November 1, 2006
Page 3

Merck filed its complaint on April 7, 2006.  We expect that Apotex will correct its improper motion for leave immediately.

Very truly yours,

Jason C. Abair

JCA/kl
Enclosures

# WEIL, GOTSHAL & MANGES LLP

700 LOUISIANA
SUITE 1600
HOUSTON, TEXAS 77002

(713) 546-5000
FAX: (713) 224-9511

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

March 21, 2006

WRITER'S DIRECT LINE
(713) 546-5058
nicolas.barzoukas@weil.com

*Via Fax (954) 385-8518 and*
*CMRRR 7002 2410 0003 7561 5223*
Ms. Tammy McIntire
Apotex Corp.
2400 N. Commerce Parkway,
Suite 400
Weston, FL 33326

Dear Ms. McIntire:

We seek access to all relevant information from Apotex's ANDA referenced in the February 24, 2006 letter from Bernard Sherman to Joanne Giesser of Merck & Co., Inc. We also acknowledge that we have received a copy of terms and restrictions that Apotex wishes to place on any Confidential Information produced pursuant to that letter.

You should, however, consider that for the proper processing and assessment of the Confidential Information in order to determine whether Merck should institute a suit against Apotex, at least two in-house litigation counsel should be allowed to view the Confidential Information. Therefore, we ask that Messrs. Edward Murray and Gerard Devlin also have access to this Confidential Information. You may find it useful to know that numerous other ANDA filers have allowed such access.

Should you have any questions, please feel free to call me.

Yours truly,

Nicolas Barzoukas

NB/pv

cc:    Edward Murray, Esq.
       Gerard Devlin, Esq.
          Merck & Co., Inc.

HO1:\329299\01\723701!.DOC\99980.0001

03/27/06  11:23 FAX 18007065576          APOTEX CORP                          ☒001

| 2400 N. Commerce Pkwy. Suite 400 Weston, FL 33326<br>954-384-8007 XT # 2418 Fax # 954-349-4233<br>jvega@apotex.com | **Apotex Corp.** |

# Fax

| **To:** | Nicolas Barzoukas | **From:** | Jessica Vega |
|---|---|---|---|
| **Fax:** | 713 224-9511 | **Pages** | Including Fax Cover: |
| **Phone:** | 718 546-5000 | **Date:** | 3/27/2006 |
| **Re:** | | **CC:** | |

☐ Urgent      √ For Review      ☐ Please Comment      ☐ Please Reply      ☐ Please Recycle

● **Comments:**

Mr. Barzoukas, we are in receipt of your letter of March 21, 2006 (attached) in which you request relevant information from Apotex's ANDA referenced in the February 24, 2006 letter from Bernard Sherman to Joanne Giesser of Merck & Co. We need clarification as to what product was referred to in that letter so that we can respond to your request. There is no mention of the product name in your March 21st letter.

You may respond directly to Tammy McIntire via fax or to Sharon Cease her assistant. You may reach Sharon tomorrow at 954 349-4204.

Thank you,

Jessica Vega

# WEIL, GOTSHAL & MANGES LLP

700 LOUISIANA
SUITE 1600
HOUSTON, TEXAS 77002

(713) 546-5000
FAX: (713) 224-9511

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

March 21, 2006

WRITER'S DIRECT LINE
(713) 546-5058
nicolas.barzoukas@weil.com

*Via Fax (954) 385-8518 and*
*CMRRR 7002 2410 0003 7561 5223*
Ms. Tammy McIntire
Apotex Corp.
2400 N. Commerce Parkway,
Suite 400
Weston, FL 33326

Dear Ms. McIntire:

We seek access to all relevant information from Apotex's ANDA referenced in the February 24, 2006 letter from Bernard Sherman to Joanne Giesser of Merck & Co., Inc. We also acknowledge that we have received a copy of terms and restrictions that Apotex wishes to place on any Confidential Information produced pursuant to that letter.

You should, however, consider that for the proper processing and assessment of the Confidential Information in order to determine whether Merck should institute a suit against Apotex, at least two in-house litigation counsel should be allowed to view the Confidential Information. Therefore, we ask that Messrs. Edward Murray and Gerard Devlin also have access to this Confidential Information. You may find it useful to know that numerous other ANDA filers have allowed such access.

Should you have any questions, please feel free to call me.

Yours truly,

Nicolas Barzoukas

NB/pv

cc:     Edward Murray, Esq.
        Gerard Devlin, Esq.
        Merck & Co., Inc.

HOU332929401723701!.DOC\99980.0001

# WEIL, GOTSHAL & MANGES LLP

700 LOUISIANA
SUITE 1600
HOUSTON, TEXAS 77002

(713) 546-5000
FAX: (713) 224-9511

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

WRITER'S DIRECT LINE

(713) 546-5062
jason.abair@weil.com

March 27, 2006

*Via Facsimile (954) 349-4233 and*
*CMRRR 7002 2410 0003 7563 7973*

Tammy McIntire
Apotex Corp.
2400 N. Commerce Parkway, Suite 400
Weston, FL 33326

Dear Tammy:

This letter responds to your March 27, 2006, fax to Nicolas Barzoukas.

According to the February 24, 2006, letter from Bernard Sherman to Joanne Giesser of Merck & Co., Inc., Apotex's ANDA No. 077-982 is for "Alendronic Acid Tablets USP 5, 10, 35 and 70 mg."

Please contact me should you have any questions.

Regards,

Jason Abair

JA/elc

HOI:\329599\01\72BJ01!.DOC\99980.0001

# EXHIBIT B

# WELSH & KATZ, LTD.

*Attorneys at Law*

120 SOUTH RIVERSIDE PLAZA · 22ND FLOOR
CHICAGO, ILLINOIS 60606-3912

TELEPHONE (312) 655-1500
FACSIMILE (312) 655-1501

www.welshkatz.com

A. SIDNEY KATZ*
RICHARD L. WOOD*
JEROLD B. SCHNAYER
JOSEPH R. MARCUS
GERALD S. SCHUR
GERALD T. SHEKLETON
JAMES A. SCHEER
DANIEL R. CHERRY
ROBERT B. BREISBLATT
JAMES P. WHITE
R. MARK HALLIGAN
HARTWELL P. MORSE, III
EDWARD P. GAMSON, Ph.D.
KATHLEEN A. RHEINTGEN
THOMAS W. TOLPIN*
RICHARD W. McLAREN, JR.
ELLIOTT C. BANKENDORF
ERIC D. COHEN
JOHN L. AMBROGI
JULIE A. KATZ
JON P. CHRISTENSEN
WALTER J. KAWULA, JR.
LEONARD FRIEDMAN
STEVEN E. FELDMAN
JEFFREY W. SALMON
LOUISE T. WALSH
PAUL M. VARGO, Ph.D.
JOSEPH E. CWIK

J. ARON CARNAHAN
ERIK J. FLOM, Ph.D.
JAMES B. RADEN
———
RICHARD J. GURAK
DANIEL M. GURFINKEL
MICHELE S. KATZ*
BRIAN J. SODIKOFF
BRETT M. TOLPIN
GEORGE S. PAVLIK
MICHAEL A. KROL, Ph.D.
SHERRY L. ROLLO
CRAIG M. KUCHII
STEPHEN P. BENSON
GREGORY J. SKONY
———
OF COUNSEL
LAURIE A. HAYNIE
JAMES J. MYRICK
THOMAS R. VIGIL
PHILIP D. SEGREST, JR.**
WALLACE L. OLIVER, Ph.D.
LAURA A. LABEOTS, Ph.D.
———
DONALD L. WELSH (1925-1998)

* ALSO ADMITTED IN DISTRICT OF COLUMBIA
** ALSO ADMITTED IN ALABAMA

November 2, 2006

**VIA FACSIMILE (713/224-9511) & U.S. Mail**

Jason C. Abair, Esq.
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77002

Re:    Merck & Co., Inc. v. Apotex, Inc., No. 06-230 (GMS)
       Our File No. 8898/97290

Dear Jason:

This is in response to your letter dated November 1st, which brought to our attention the correspondence concerning Merck's request to view sections of Apotex's ANDA. We note that you failed to mention this correspondence before now, particularly in Merck's reply in support of its motion to dismiss after we had mentioned Merck's failure to request the information in our response (see page 5).

In any event, we propose filing a corrected First Amended Complaint in which paragraphs 39 and 42 will be deleted in their entirety. We believe this will satisfy your concerns in regard to this matter. Please let me know whether you will object to a motion to file the corrected First Amended Complaint.

Very truly yours,

Welsh & Katz, Ltd.

By    *Louise T. Walsh*
      Louise T. Walsh

WASHINGTON OFFICE
CRYSTAL PLAZA ONE · SUITE 311 · 2001 JEFFERSON DAVIS HIGHWAY · ARLINGTON, VIRGINIA 22202-3603 · TELEPHONE (703) 415-4777

Jason C. Abair
Page 2 of 2

November 2, 2006

cc:    Mary B. Graham, Esq. (via e-mail)
        Richard L. Horwitz, Esq. (via e-mail)
        A. Sidney Katz, Esq.
        Robert B. Breisblatt, Esq.

# *WELSH & KATZ, LTD.*

*120 South Riverside Plaza, Suite 2200*
*Chicago, Illinois 60606*
*(312) 655-1500*
*Fax: (312) 655-1501*

## FAX TRANSMISSION COVER SHEET

**Date**  :  November 2, 2006

**To**  :  Jason Abair, Esq.
Weil, Gotshal & Manges LLP.

**Fax**  :  **713/224-9511**

**Subject**  **Merck & Co., Inc. v. Apotex, Inc., No. 06-230 (GMS)**
**Our File No. 8898/97290**

**Sender**  :  Louise T. Walsh

----

**COMMENTS:  Please see attached.**

----

*YOU SHOULD RECEIVE_3_ PAGE(S), INCLUDING THIS COVER SHEET.  IF*
*YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL (312) 655-1500*

\* \* \* \* \* \* \* \* CONFIDENTIALITY NOTE \* \* \* \* \* \* \* \*

The documents accompanying this facsimile contain information which may be confidential or privileged and exempt from disclosure under applicable law.  The information is intended to be for the use of the individual or entity named on this transmission sheet.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is without authorization and is prohibited.  If you have received this facsimile in error, please notify us by collect telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

P. 1

✳ ✳ ✳ TRANSMISSION RESULT REPORT(IMMEDIATE TX) ( NOV. 2.2006  2:58PM ) ✳ ✳ ✳

FAX HEADER 1:  WELSH & KATZ
FAX HEADER 2:

| DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | USER NAME | FILE |
|------|------|---------|------|------|------|--------|-----------|------|
| NOV. 2. | 2:56PM | 17132249511 | G3S | 1´44˝ | P. 3 | OK | | 0752 |

```
#  :BATCH            C :CONFIDENTIAL        $ :TRANSFER              P :POLLING
M  :MEMORY TX        L :SEND LATER          @ :FORWARDING           E :ECM
S  :STANDARD         D :DETAIL              F :FINE                 O :300dpi
U  :SUPER FINE       X :EXTRA SUPER FINE    b :COLOR                I$:REMOTE  TRANSFER
✳  :LAN-FAX          + :ROUTING             Q :RECEPT.  NOTICE REQ. A :RECEPT.  NOTICE
```

# EXHIBIT C

# WEIL, GOTSHAL & MANGES LLP

700 LOUISIANA

SUITE 1600

HOUSTON, TEXAS 77002

(713) 546-5000

FAX: (713) 224-9511

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

November 2, 2006

NICOLAS G. BARZOUKAS
DIRECT LINE (713) 546-5058
E-MAIL: nicolas.barzoukas@weil.com

*Via Facsimile (312) 655-1501 and US Mail*

Ms. Louise T. Walsh

Welsh & Katz, Ltd.

120 South Riverside Plaza, 22nd Floor

Chicago, Illinois 60606-3912

Re:    *Merck & Co., Inc. v. Apotex, Inc.*; C.A. No. 06-230 (GMS)

Dear Louise:

In response to your letter to Jason Abair today, please consider the following:

Your attempt to excuse your failure to address in your proposed First Amended Answer, Affirmative Defenses, and Counterclaims Merck's letters to Apotex seeking the relevant confidential information falls short of its mark. These letters were sent to the Apotex employee identified in the certification. The inflammatory allegations that you are making should have been backed up by the minimal effort required to check with Ms. McIntire, your own client's designee. The intimation that Merck should have pointed this out to you during the dismissal briefing is likewise faulty. The incorrect assertion in your briefing had no bearing on the issue presented to the Court (i.e., that there is no subject matter jurisdiction in this case).

With respect to your proposal to "fil[e] a corrected First Amended Complaint," we cannot simply accede to that given that such a pleading does not exist. Apotex has filed a Motion for Leave to File its First Amended Answer, Affirmative Defenses, and Counterclaims. The proposed amended pleading is merely an exhibit. A new motion for leave is appropriate and Apotex's improper filing should be withdrawn. As we have discussed and as I have discussed with Bob on previous occasions, we cannot decide whether we will object to any proposed new filing unless we are given the opportunity to review and consider its content.

Yours truly,

Nicolas G. Barzoukas

NGB/pv

HO1:\340336\01\7@LS01!.DOC\62961.0007

WEIL, GOTSHAL & MANGES LLP

Ms. Louise T. Walsh
November 2, 2006
Page 2


cc:    Mary B. Graham, Esq. (via email)
       Richard L. Horwitz, Esq. (via email)
       A. Sidney Katz, Esq. (via facsimile)
       Robert B. Breisblatt, Esq. (via facsimile)