IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-230 (GMS) |
| | ) |
| APOTEX, INC. | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## NOTICE OF SUBPOENA AD TESTIFICANDUM & DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Apotex, Inc. have served or will serve the attached subpoena and attachment thereto on J. Eric Thies, c/o Weil, Gotshal & Manges, 700 Louisiana, Suite 1600, Houston, TX 77002. Please be advised that the examination will be conducted before a person duly authorized and will be recorded by stenographic and videographic means. You are invited to attend and cross-examine.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

A. Sidney Katz
Robert B. Breisblatt
Louise T. Walsh
Michael Krol
Welsh & Katz, Ltd.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Tel:  (312) 655-1500
Fax:  (312) 655-1501

By:  /s/ Kenneth L. Dorsney
Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

Dated: February 2, 2007
776083 /30234

*Attorneys for Defendant Apotex, Inc.*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SUBPOENA IN A CIVIL CASE

Merck & Co., Inc.

v.   CASE NUMBER:[1] 06-230 (GMS)  D. Delaware

Apotex, Inc.

TO:  J. Eric Thies
     c/o Weil, Gotshal & Manges
     700 Louisiana, Suite 1600
     Houston, TX 77002

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case by stenographic and videographic means.

| PLACE OF DEPOSITION | CausaFirma<br>274 Madison Avenue, Suite 605<br>New York, NY 10016 | DATE AND TIME<br>February 13, 2007 at 9:00 a.m. |
| --- | --- | --- |

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED RIDER**

| PLACE | CausaFirma<br>274 Madison Avenue, Suite 605<br>New York, NY 10016 | DATE AND TIME<br>February 13, 2007 at 9:00 a.m. |
| --- | --- | --- |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br>**Louise T. Walsh, Attorney for Defendant**  *[signature: Louise T. Walsh]* | Date<br>2/2/7 |
| --- | --- |

Issuing Officer's Name, Address, and Phone Number
**Louise T. Walsh, Welsh & Katz, Ltd., 120 South Riverside Plaza, Chicago, Illinois 60606  Phone (312) 526-1613**

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Rider to Subpoena

1.   All documents related to U.S. Patent Nos. 5,849,726 and 6,008,207, including but not limited to, all documents related to the research and development in connection with the aforementioned patents, all documents related to the application process for the aforementioned patents and all prior art related to the aforementioned patents of which you are presently aware.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Kenneth L. Dorsney, hereby certify that on February 2, 2007, the attached document was hand delivered on the following person and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

Mary B. Graham
James W. Parrett, Jr.
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

I hereby certify that on February 2, 2007, I have Electronically Mailed the attached document to the following:

John F. Lynch
Howrey, LLP
750 Bering Drive
Houston, TX  77057-2198
lynchj@howrey.com

Nicolas G. Barzoukas
Suzy S. Harbison
Jason C. Abair
Weil, Gotshal & Manges
700 Louisiana, Suite 1600
Houston, TX  77002
nicolas.barzoukas@weil.com
suzy.harbison@weil.com
jason.abair@weil.com

I hereby certify that on February 2, 2007, I have Federal Expressed the attached document to the following non-registered participants:

Paul D. Matukaitis
Merck & Co., Inc.
One Merck Drive
Whitehouse Station, NJ  08889-0100

Edward W. Murray
Gerard M. Devlin
Merck & Co., Inc.
126 E. Lincoln Avenue RY28-320
Rahway, NJ  07065-0907

　/s/ Kenneth L. Dornsey
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

728942/30234