

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

May 2, 2007

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Gregory M. Sleet
United States District Court
Federal Building
844 North King Street
Wilmington, DE 19801

    Re:   *Merck & Co., Inc. v. Apotex, Inc.*,
          <u>C.A. No. 06-230 (GMS)</u>

Dear Judge Sleet:

    Apotex, Inc. ("Apotex") respectfully requests clarification as to whether the Court's order entered on April 10, 2007, in which the Court indicated that it will grant Merck's motion to dismiss for lack of subject matter jurisdiction (D.I. 15), represents a final decision for purposes of appeal. Your Honor's order indicated that a memorandum and order would follow at the Court's earliest convenience. This clarification is needed so that Apotex can take steps to appeal the decision.

    As this Court is aware, the timeliness of an appeal in this case is of great concern to Apotex because it affects the date that Apotex can enter the market with a generic version of Merck's Fosamax® (alendronate). Since Apotex was not the first generic to file an ANDA for alendronate, it cannot enter the market until 180 days after either the first generic enters the market or there is a court decision finding Merck's listed patents invalid or not infringed. The earliest date that any generic may enter the market for alendronate is February 6, 2008. Accordingly, the sooner that Apotex can obtain the requisite court decision triggering event, the sooner Apotex can enter the market.

    Thus, while Apotex respectfully disagrees with the Court's decision to grant Merck's motion to dismiss, Apotex appreciates the Court's rendering its decision so that Apotex can ask the Federal Circuit to review the matter. It is unclear, however, whether the April 10th order was intended to be a final decision for purposes of an appeal. If the April 10th order was not intended to be a final decision for purposes of appeal, Apotex respectfully requests that the Court issue a final decision as soon as possible, while at the same time being mindful of this Court's docket, particularly with respect to its other patent cases.

The Honorable Gregory M. Sleet
May 2, 2007
Page 2

      Apotex would also remind the Court that Apotex's motion for leave to file its First Amended Answer, Affirmative Defenses and Counterclaims (D.I. 28) remains pending. If this motion is not disposed of together with Merck's motion, Apotex requests that the Court certify its decision pertaining to Merck's motion to dismiss pursuant to Fed.R.Civ.P. 54(b). If, in order to expedite matters, the Court would like to receive our detailed position on the Rule 54(b) issue, even while the Court is still determining whether to grant Apotex's motion to amend, we are prepared to submit that position in whatever form the Court desires, at the convenience of the Court.

                                      Respectfully,

                                        */s/ Richard L. Horwitz*

                                        Richard L. Horwitz

RLH:nmt/792823/30234
cc:    Clerk of Court (via hand delivery)
        Counsel of Record (via electronic mail)